CURRAN BATTLE, plaintiff in error, *vs.* L. N. B. BATTLE and RICHARD A. HEATH, sheriff, defendants in error.

There is nothing in any law of this State or in any order of the military commander, while the State was under military government, which authorizes the Court to pay money raised at sheriff's sale, on the first Tuesday in January, 1868, to the defendant in *fi. fa.*, while there are judgment creditors claiming it.

Rule against the Sheriff. Decided by Judge WM. M. REESE. Warren Superior Court. April Term, 1868.

Curran Battle was defendant in several *fi. fas.* issuing out of said Court. Under one of them, his property was sold on the first Tuesday in January, 1868. At the April Term, 1868, the sheriff was ruled, and the different plaintiffs in *fi. fa.* were at issue, as to which of them should take the proceeds of the sale.

Battle then came in, and objected to any one of them taking the fund, and asked that it be paid to himself. His ground for this was, as he averred, that the seventeenth section of the fifth article of the Constitution of Georgia, made in 1868, forbade the enforcement of judgments founded upon contracts made prior to June, 1865, which section had been put into active operation, on the 12th day of March, 1868, by order No. 37, issued by Major General George G. Meade, commanding the 3d military district, embracing this State. All of the judgments claiming the money, and that under which the sale was made, were prior to June, 1865. The Court ordered the money paid over to the judgments till they were satisfied, holding that the distribution of funds in Court, was not affected by said order, and that this case was within the first exception in the section of said Constitution denying jurisdiction, etc.

This ruling of the Court is assigned as error.

A. R. WRIGHT, (by the Reporter,) for plaintiff in error.

R. TOOMBS, for defendant in error.

BROWN, C. J.

We are not aware that the Judge who decided this case violated any provision of the Constitution or laws of this State, in ordering the fund then in Court, which the sheriff had raised by the sale of the property of the defendant, under legal executions, to be paid over to the plaintiffs in *fi. fa.*, according to their legal priorities, until their judgments were satisfied, before any part of it was paid to the defendant in *fi. fa.*

It is said, this judgment violated the order of Major General Meade, who was the commander of the third military district, embracing this State, as the sale took place while the State was under military government. No order of General Meade has been brought to our attention, which requires the Courts to pay money, raised as this was, to the defendant in *fi. fa.*, while there were judgment creditors unsatisfied.

Judgment affirmed.